IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| BRANDON PENCE, | ) | |
| | ) | |
| Plaintiff, | ) | 18 cv 5855 |
| | ) | Judge Wood |
| | ) | |
| v. | ) | |
| | ) | **Jury Demanded** |
| SHERIFF TOM DART, OFFICER SIMS | ) | |
| (Star #15021), OFFICER CONNER (Star | ) | |
| #15077), | ) | |
| Defendants. | ) | |

## SECOND AMENDED COMPLAINT

1. This action arises under the fourteenth amendment of the Constitution of the United States of America; under federal law, specifically 42 U.S.C. § 1981, §1983 and §1988.

### PARTIES

2. Plaintiff, BRANDON PENCE, ("Pence"), is an individual and a citizen of the State of Illinois and was, at all times relevant herein, a pre-trial detainee at the Cook County Jail. Plaintiff demands a trial by jury.

3. Defendant TOM DART is, and at all relevant times relevant herein was, the Sheriff of Cook County. The Cook County Jail is operated and supervised by Tom Dart, Sheriff of Cook County, in his official capacity. Dart is sued in his official capacity.

4. Defendants, OFFICER SIMS, (Star#15021), and OFFICER CONNER, Star #15077), are Cook County Correctional Officers acting in their individual and official capacities.

5. The COUNTY OF COOK is named as a defendant solely for indemnification purposes in accordance with the Seventh Circuit's opinion in *Carver v. Condie*, 169 F.3d 469 (1999).

1

## *JURISDICTION AND VENUE*

6. Federal question jurisdiction exists under 28 U.S.C. §1331 because Plaintiff's claims arise under 42 U.S.C. 1981, 42 U.S.C. § 1983 and the Constitution of the United States of America.

7. Venue is proper in this district under 28 U.S.C. §1391(b) because the actions and injuries complained of occurred in substantial part in the Northern District of Illinois.

## *CAUSE OF ACTION*

8. Initially, Plaintiff was lodged in the Cook County Jail, pending adjudication on state criminal charges.

9. Plaintiff was charged with co-defendants and the Officers Sims and Conner knew, or reasonably should have known this.

10. Plaintiff was scheduled to appear before a Circuit Court judge, in March 2017, for an arraignment.

11. March 28, 2017, Brandon Pence was placed in a bull pen around 8 a.m.

12. Plaintiff was attacked by two African-American inmates who and beat him.

13. The inmates beat Pence because they believed him to be a "snitch."

14. The officers that held Pence in custody (Conner and Sims) had, on information and belief, overheard the inmates who had accused Pence of being a snitch, and in view of the fact Pence was being transported with a co-defendant, and that "snitches" are punished and beaten in jails and prisons, Conner and Sims knew there was an imminent danger to Pence.

15. Plaintiff was a detainee at the time of his beating, thus Plaintiff's claims are analyzed under the fifth and fourteenth amendment to the Constitution of the United States of America.

16. The applicable constitutional protection is under the due process clause because

the failure to apply due process principles amounts to punishment without adjudication of guilt.

17. When the Defendants transported Plaintiff from the Cook County Jail, for an arraignment, with a charged co-defendant, and actual or constructive knowledge that other prisoners regarded plaintiff as a "snitch" in over-crowded vehicles, extremely small holding cells, and an inadequate number of sheriff's deputies, then Defendants, individually and collectively, acted with reckless and/or deliberate indifference to plaintiff's rights and physical safety and well-being.

18. Additionally, the manner of treatment of inmates, in accordance with the policies of Sheriff Tom Dart, created a substantial risk of danger to pre-trial detainees, such as Pence.

19. The conditions of Plaintiff's confinement amounted to punishment prior to an adjudication of guilt.

20. Plaintiff suffered an objectively serious injury.

21. Jail officials allowed or permitted the injury to occur in a manner indifferent to Plaintiff's rights and physical well-being.

22. The Sims and Conner, and each of them, knew, and/or acted in reckless indifference to the fact that placing Plaintiff in the bull pen would unreasonably expose him to danger.

23. The effect of the excessive risk was so obvious that Sims and Conner, and each of them, must have known of the risk.

24. Defendants are also liable to Plaintiff in accordance with the state-created danger theory because the state's action played a part in the creation of dangers faced by Plaintiff, and/or rendered Plaintiff more vulnerable to them.

25. The harm ultimately inflicted on Plaintiff was foreseeable and direct.

26. Sims and Conner, and each of them, acted with a degree of culpability that shocks

3

the conscience; this is because their behavior, as alleged herein, reflected deliberate indifference to a substantial risk of serious harm.

## CLAIMS FOR RELIEF

### FIRST CLAIM FOR RELIEF
### Violation of Civil Rights
### Pursuant to Title 42 U.S.C. §1983
### (Fourteenth Amendment; Against Sims and Conner)

27. Plaintiff re-alleges and incorporates herein by reference the allegations set forth in paragraphs 1-26 of this Second Amended Complaint.

28. In committing the acts complained of herein, Defendants, Sims and Conner, and each of them, acted under color of state law to deprive Plaintiffs of certain constitutionally-protected rights under the Fifth, and Fourteenth Amendments to the Constitution of the United States including, but not limited to: a) the right to due process and not be punished without an adjudication of guilt; b) the right to be from excessive use of force and willful indifference by persons acting under color of state law.

29. In violating Plaintiff's rights as alleged herein Defendants, Sims and Conner, and each of them, acted under color of state law and in violation of Plaintiffs' rights under the Fifth and Fourteenth Amendments to the Constitution of the United States.

30. As a direct and proximate result of the violation of their constitutional rights by the Defendants, Plaintiff suffered general and special damages as alleged in this Complaint and is entitled to relief under 42 U.S.C §1983.

31. The actions of Defendants, Sims and Conner, and each of them, amounted to deliberate indifference to the rights of Plaintiff to be free of excessive force and unreasonable seizures under the Fourth and Fourteenth Amendments to the Constitution of the United States.

32. As a result of the deliberate indifference to the Plaintiffs' rights by the Defendants,

Sims and Conner, and each of them, Plaintiff suffered personal injuries, pain and suffering, and are entitled to relief under 42 U.S.C. §1983.

## COUNT II
### Violation of Civil Rights
### Pursuant to Title 42 U.S.C. §1983
### Monell Claim
### (Against Dart in his Official Capacity Only)

33. Plaintiff re-alleges and incorporates herein by reference the allegations set forth in paragraphs 1-26 of this Second Amended Complaint.

34. Tom Dart has implemented a policy, practice and custom of keeping pre-trial detainees in conditions that increase fighting and assaults, due to lack of exercise, health care, recreation, sanitation, hygiene and grievance process.

35. Conditions of excessive conferment and lockdown, as well as over-crowing of detainees, and inadequate number of correctional officers in bull pens, and assigned to transport, has resulted in state-created danger to inmates such as Plaintiff Pence.

## PRAYER FOR RELIEF

**WHEREFORE**, the above premises considered, Plaintiff demands:

A. That judgment be rendered in favor of the Plaintiff and against the Defendants, and each of them, jointly and severally, on all causes of action asserted herein.

B. That Plaintiff be awarded those damages to which it may appear his is entitled by the proof submitted in this cause for his physical and mental pain and suffering, both past and future; permanent injury and disability; loss of enjoyment of life; medical and legal expenses, both past and future.

C. That Plaintiff be awarded punitive damages against the Defendants.

D. That Plaintiff be awarded reasonable expenses incurred in this litigation, including reasonable attorney and expert fees.

E. The County of Cook is liable for the conduct herein pursuant to its duties of indemnification. *Carver v. Condie*, 169 F.3d 469 (1999).

/s/ Christopher V. Langone

Langone Batson
17 N. Wabash, Ste. 500
Chicago, IL 60601
(312) 720-9191